IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOEY RAY SMITH, AIS # 170129, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-125-WKW |
| | ) | [WO] |
| KIM T. THOMAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants John R. Cooper, John Adams, Eddie Gregory, and Johnny Purifoy's Motion to Dismiss (Doc. # 15) and Defendants Kim T. Thomas, Richard Allen, and Pete Allen's Motion to Dismiss (Doc. # 21), which is supported by a brief (Doc. # 22).[1] Plaintiff Joey Ray Smith filed responses in opposition to both motions (Docs. # 23 & 26). ADOT Defendants replied to Plaintiff's response (Doc. # 25). The court will also consider Plaintiff's Motions for Leave to Amend (Doc. # 23, at 8; Doc. # 26, at 10). After careful consideration of the arguments of counsel and the relevant law, the court finds that Defendants' motions are due to be granted and Plaintiff's motions are due to be granted.

---

[1] Defendants John R. Cooper, John Adams, Eddie Gregory, and Johnny Purifoy are current or former employees of the Alabama Department of Transportation and will be referred to as "ADOT Defendants" throughout this opinion. Defendants Kim T. Thomas, Richard Allen, and Pete Allen are current or former employees of the Alabama Department of Corrections and will be referred to as "ADOC Defendants" throughout this opinion.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, and 28 U.S.C. §§ 2201–02.  Personal jurisdiction and venue are not contested, and there are adequate allegations in support of both.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

2

experience and common sense." *Id.* at 1950 (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (*Twombly* formally retired "the often-criticized 'no set of facts' language previously used to describe the motion to dismiss standard.").

### III. BACKGROUND

Accepting as true the factual allegations in the complaint, the court finds the following facts:

Plaintiff is currently incarcerated at the Decatur Community Based Facility (an extension of the Alabama Department of Corrections ("ADOC")) in Decatur, Alabama. Plaintiff is enrolled in a work-release program, through which he is hired by the Alabama Department of Transportation ("ADOT"). Plaintiff was incarcerated at Camden Community Based Facility in Camden, Alabama, during the time of the

incidents. On or about February 10, 2010, Plaintiff injured himself with a chainsaw while working for ADOT's Greenville facility, cutting his leg as he fell from a rocky slope under a bridge. Plaintiff did not receive any training in the use of a chainsaw nor was he provided with any safety equipment. Plaintiff maintains that "as an inmate on minimum out custody, [he] does not have the option of refusing assignments and was forced to do whatever he was told to do. If [Plaintiff] refused to do a work assignment, he would have received a disciplinary citation." (Pl.'s Compl. ¶ 38.) Plaintiff has repeatedly been forced to use a chainsaw without any safety equipment since the accident and still has not received any training in the use of the chainsaw.

On or about April 14, 2010, Plaintiff was again on work release to ADOT. Plaintiff was forced to stand in the middle of the inside lane on Interstate 65 with a hand flag to direct traffic while his supervisor did road work ahead of him. No signs were put up to alert oncoming traffic that there was road work ahead. Plaintiff voiced his safety concerns about the situation, but they were dismissed by his supervisor who later issued two disciplinary citations to Plaintiff for insubordination. Plaintiff was acquitted on both citations at a hearing, but was not allowed to go back to work at the Greenville ADOT facility due to a "conflict of interest." (Pl.'s Compl. ¶ 49.)

On February 9, 2012, Plaintiff filed suit against Defendants. Plaintiff brought claims alleging that his Eighth and Fourteenth Amendment rights were violated

4

(Counts 1 and 2),[2] a claim titled Neglect to Prevent Conspiracy under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 (Count 3), a claim titled Intentional Infliction of Emotional Distress with Invidiously Discriminatory Animus under 42 U.S.C. § 1985(3) (Count 4), and a claim of wantonness under state law (Count 5). Plaintiff is seeking compensatory and punitive damages, a declaratory judgment, and an injunction so that he will no longer have to endure unsafe working conditions.

## IV. DISCUSSION

**A.     Individual Capacity Claims Against ADOT and ADOC Defendants**

ADOT Defendants argue that Plaintiff has not made any claims against ADOT Defendants in their individual capacities, an argument that ADOC Defendants echo. (Doc. # 15 ¶ 4; Doc. # 21 ¶ 1.) ADOT Defendants point out that "[a] review of all the counts in [Plaintiff's] complaint reflects that the counts are brought against [Defendants] in their official capacities only." (Doc. # 15 ¶ 3.) Plaintiff responds that the caption plainly states that all Defendants are being sued in their official and individual capacities. (Doc. # 23, at 4; Doc. # 26, at 4.) ADOT Defendants reply that "[Plaintiff] failed to put this Court or [ADOT Defendants] on notice as to what the individual claims against them are. Instead, [Plaintiff] referenced . . . the caption of

---

[2] Counts 1 and 2 appear to be attempts to plead claims pursuant to 42 U.S.C. § 1983.

5

the Complaint but described the actions as official capacity claims in the numbered paragraphs." (Doc. # 25 ¶ 4.)

Plaintiff cannot rely on the caption to establish a claim of individual capacity. A similar situation arose in *Marsh v. Butler County, Alabama*, 268 F.3d 1014 (11th Cir. 2001). The plaintiffs in that case, prisoners at Butler County jail, filed a complaint under 42 U.S.C. § 1983 against Sheriff Diane Harris and Butler County, Alabama, to recover for injuries sustained when they were beaten by other prisoners. *Id.* at 1023. The caption and complaint created an ambiguity as to the capacity in which Sheriff Harris was being sued, an ambiguity that the Eleventh Circuit addressed on appeal:

> In this case, that part of the complaint which purports to state the claim against Harris does specifically address the capacity in which the Sheriff is sued. It says these words about capacity: "Defendant Diane Harris is sued in her official capacity as Sheriff of Butler County." Thus, the complaint's "statement of a claim" does not purport to make a claim against the Sheriff in her individual capacity.
>
> The caption to the complaint contains these words: "Diane Harris, Sheriff of Butler County, in her individual and official capacity." But the caption of the complaint is not part of the statement of the claim under Rule 8. The caption is something apart, being mandated by a different rule: Fed.R.Civ.P. 10. The caption is chiefly for the court's administrative convenience. It may, however, sometimes be useful to look at the caption – when the Rule 8 statement of a claim is ambiguous about a party's capacity – to settle pleading ambiguities. *See Hobbs v. E.E. Roberts*, 999 F.2d 1526, 1529–30 (11th Cir. 1993) (using several factors, including caption, to resolve ambiguity of whether official sued in official or individual capacity). To use the Rule 10 caption to create

6

an ambiguity when the statement of the claim is itself not ambiguous is incorrect.[3]

*Id.* at 1024 n.4. At this early stage of the proceedings, there are neither sufficient allegations in the complaint nor a course of proceedings to establish that Defendants are sued in their individual capacities.

There are, however, indications that Plaintiff may have intended to sue Defendants in their individual capacities, such as the use of the phrase "under color of state law" throughout the complaint and the fact that Defendants were sued for monetary damages. In *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573 (11th Cir. 1994), the Eleventh Circuit urged district courts to require plaintiffs to "identify the capacity in which they sued" the defendants "to ensure a more effective use of judicial resources." *Id*. at 1576. In accordance with *Jackson*, Plaintiff

---

[3] In *Marsh*, the Eleventh Circuit decided the case as if the claims were brought against Sheriff Harris in both her individual and official capacities because the course of proceedings indicated that Sheriff Harris was being sued in both capacities. Sheriff Harris advanced the qualified immunity defense, which only applies to individual capacity claims, and Sheriff Harris did not challenge the capacities in which she was sued. *Marsh*, 268 F.3d at 1014 n.4; *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. The course of proceedings in such cases typically will indicate the nature of the liability sought to be imposed." (internal citations omitted)). In this case, Plaintiff devotes much of his responses to arguing that Defendants are not entitled to qualified immunity. In their reply, ADOT Defendants note that they "did not raise qualified immunity as a defense as they were sued in their official capacities only. If the [ADOT Defendants] respond to the qualified immunity argument, they will in effect have impliedly consented to the claims, as if they had been raised in the pleading." (Doc. # 25 ¶ 6 (internal citations omitted).) Unlike in *Marsh*, Defendants have challenged the sufficiency of the complaint to establish claims against them in their individual capacities.

is advised that he has not made it clear in the complaint whether he intended to sue Defendants in their individual capacities. Plaintiff will be given leave to amend his complaint. Plaintiff should bear in mind that the caption alone is not enough to establish an individual capacity claim. *See Marsh*, 268 F.3d at 1024 n.4; *see also Hobbs v. E. E. Roberts*, 999 F. 2d 1526, 1529–30 (11th Cir. 1993) ("We note that the caption of pleadings, or even of judgments, shows, by itself, little about the capacity in which defendants are sued in a case." (citing *Lundgren v. McDaniel*, 814 F.2d 600, 604 n.2 (11th Cir. 1987))).

## B. Official Capacity Claims for Monetary Damages Against ADOT and ADOC Defendants

Plaintiff asserts federal and state law claims against Defendants in their official capacities. "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson*, 16 F.3d at 1575; *see also Kentucky*, 473 U.S. at 166 (stating that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). ADOT and ADOC employees are state officials and are entitled to immunity under the Eleventh Amendment in their official capacities on federal and state law claims.[4] Accordingly,

---

[4] Additionally, Defendants, in their official capacities, are not "persons" for purposes of § 1983 monetary relief. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

all claims for monetary damages against ADOT and ADOC Defendants in their official capacities are due to be dismissed with prejudice.[5]

C. **Official Capacity Claims for Injunctive Relief Against ADOT and ADOC Defendants**

   *1. ADOT Defendants*

ADOT Defendants assert that Plaintiff has not properly pleaded any claims seeking injunctive relief, adding that "the state actors can only be sued under § 1983 for monetary damages, and [that] the claims for injunctive and declaratory relief have not been pled through § 1983." (Doc. # 15 ¶ 5.) ADOT Defendants, however, fail to cite any specific allegation in the complaint or any legal authority to support their argument. First, ADOT Defendants are incorrect that state actors can only be sued under § 1983 for monetary damages. The Supreme Court has held for over a century that state actors can be sued in their official capacities for injunctive relief. *See Ex parte Young*, 28 U.S. 123 (1908). Second, Counts 1 and 2 of Plaintiff's complaint appear to be attempts to plead claims pursuant to § 1983, and both include a prayer for injunctive relief. (Pl.'s Compl. ¶¶ 85 & 96.)

---

[5] This dismissal is pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Seaborn v. Fla. Dep't of Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998) ("An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction . . . .").

In his amended complaint, Plaintiff should bring any claims for violations of his rights under the Eighth and Fourteenth Amendments pursuant to § 1983. ADOT Defendants' Motion to Dismiss will be granted without prejudice as to Plaintiff's official capacity claims for injunctive relief, as Plaintiff will be given leave to amend his complaint.

### 2. *ADOC Defendants*

ADOC Defendants argue that Plaintiff lacks standing to seek injunctive relief. ADOC Defendants explain that Plaintiff has not worked for the Greenville District Department of Transportation or any other ADOT employer since 2010 and that he is unlikely to do so in the future.[6] (Doc. # 21 ¶ 3.) In his response, Plaintiff simply asserts that he is an inmate with ADOC, which has never been in dispute, and that he is asking this court "to order ADOC to stand by and enforce ADOC's regulations pertaining to the failure of *any* employers to provide a safe work environment to inmates in the work release program." (Doc. # 26, at 8).

Plaintiff's complaint contains contradictory allegations as to Plaintiff's present affiliations with ADOT. Plaintiff admits he no longer works at the Greenville ADOT facility, but it is unclear whether he has been hired by another ADOT facility. (Pl.'s

---

[6] In Plaintiff's prayer for relief, he requests that the court "[e]nter a permanent injunction against the Defendants that they cannot continue to disregard the safety rules and regulations in regards to the Plaintiff's work release assignments." (Pl.'s Compl., at 19.)

Compl. ¶ 49.) If, however, Plaintiff is no longer working for ADOT, the claims for injunctive relief against ADOT Defendants would likely be dismissed for lack of standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–106 (1983). Furthermore, the complaint does not indicate that any ADOC official had knowledge that any work-release employers were not providing safe work environments, and the complaint does not specifically request the court to order ADOC to enforce its regulations pertaining to the failure of any employers to provide a safe work environment to inmates in the work release program. Plaintiff will be given leave to amend his complaint to specify Plaintiff's current employment status and to clarify his allegations seeking injunctive relief against ADOC.

## V.  CONCLUSION

It is ORDERED that Defendants' Motions to Dismiss (Docs. # 15 & 21) are GRANTED, and that

(1) Plaintiff's claims for monetary damages against Defendants in their individual capacities are DISMISSED without prejudice;

(2) Plaintiff's claims for monetary damages against Defendants in their official capacities are DISMISSED with prejudice; and

(3) Plaintiff's claims for injunctive relief against Defendants in their official capacities are DISMISSED without prejudice.

It is further ORDERED that Plaintiff's Motions to Amend (Doc. # 23 at 8; Doc. # 26 at 10) are GRANTED, subject to the limitations of this opinion, summarized as follows:

Plaintiff may allege claims against Defendants in their individual capacities if there is a sufficient basis in fact and law to do so.  Plaintiff should bring his constitutional violations pursuant to 42 U.S.C. § 1983.  Plaintiff should also specify his current employment status in the allegations of his amended complaint and make separate allegations in seeking injunctive relief against ADOT and ADOC.

Plaintiff is ORDERED to file his Amended Complaint on or before **August 10, 2012**.  Failure of Plaintiff to file an amended complaint by this deadline will result in dismissal of this action.

DONE this 26th day of July, 2012.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE